# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL DOSCHER,<br><br>                     Plaintiff,<br><br>vs.<br><br>WELLS FARGO MORTGAGE, INC.,<br><br>                     Defendants. | Case No.: 15cv01082 BTM(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    For the following reasons, the unopposed motion to dismiss Plaintiff Bill Doscher's ("Plaintiff") Complaint, filed by Defendant, Wells Fargo Bank, N.A., erroneously sued as "Wells Fargo Home Mortgage, Inc.," now a division of Wells Fargo Bank, N.A., ("Wells Fargo") is **GRANTED**.

## I. BACKGROUND

    Plaintiff initiated this case in the Superior Court of California for the County of San Diego on April 13, 2015, by filing a Complaint against Wells Fargo Mortgage, Inc. The caption of the Complaint listed other defendants but they were crossed out. The striking of the other defendants appears to be initialed by the Plaintiff. Thus, Wells Fargo is the only defendant. The matter arises out a scheduled foreclosure on Plaintiff's real property. Wells Fargo removed the action to this Court on May 13, 2015 under 28 U.S.C. § 1332, and filed the pending motion to dismiss on May 20, 2015. Plaintiff did not file an opposition and the motion was taken under submission on July 10, 2015.

The following facts are uncontested. On August 23, 2007, Plaintiff obtained a loan of $520,000 from World Savings Bank ("WSB"), which was secured by a deed of trust recorded against the parcel located at 4788 Beachwood Ct., Carlsbad, California 92008 ("the property"). (Doc. 6-1, Ex. A.) On December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB ("Wachovia"). (Doc. 6-1, Ex. C.) In November 2009, the lender changed its name twice more when it was converted to Wells Fargo Bank Southwest, N.A. and merged with Wells Fargo Bank, N.A. (Doc. 6-1, Ex. E.) Plaintiff defaulted on the loan in February 2013. (Doc. 6-1, Ex. G., at 33).  On September 10, 2014, Defendant began the foreclosure process by recording a notice of default with the San Diego County Recorder's Office. (Doc 6-1, Ex. G.) A notice of trustee's sale was subsequently recorded on December 10, 2014. (Doc. 6-1, Ex. H.) The foreclosure sale date has been postponed to September 10, 2015. (Doc. 6-1, at Exh. H.)

///
///
///

## II.  DISCUSSION

Plaintiff's Complaint alleges claims against Wells Fargo for: (1) injunction; (2) permanent injunction; (3) unjust enrichment; and (4) setting aside or vacating the sale. Plaintiff's main argument is that Wells Fargo lacks standing to foreclose on the property because it is "not the real party in interest, it is not the lender and it is not the assignee of the lender." (Doc. 1-2, at 3, ¶4.)

///
///
///
///

**A. Request for Judicial Notice**

Wells Fargo argues that Doscher's claims fail as a matter of law based on judicially noticeable documents which show, inter alia, that Wells Fargo is the party in interest. Wells Fargo requests that the Court take judicial notice of eight such documents. (Doc. 6-1.)

Generally, district courts may not consider any material or documents beyond the pleadings on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir. 2002)). However, under Federal Rule of Evidence 201, courts may take judicial notice of evidence that is not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The Court takes notice of the following documents: (1) Certificate of Corporate Existence for WSB, dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury; (2) a letter dated November 19, 2007, from the Office of Thrift Supervision, Department of the Treasury, confirming the amendment of WSB's charter and bylaws and its name change to Wachovia; (3) Wachovia's charter, dated December 31, 2007; (4) a letter dated November 1, 2009 from the Comptroller of the Currency confirming Wachovia's conversion to a national bank with the name Wells Fargo Bank Southwest, N.A. and its merger with Wells Fargo Bank N.A.; and (5) a Federal Deposit Insurance Corporation profile and history of WSB and its transition to Wells Fargo Bank N.A., dated March 14, 2012. (Doc. 6-1, Exh. B–F.) The Court finds that these documents are properly subject to judicial notice under Fed. R. Evid. 201. See Rosell v. Wells

/ / /

Fargo Bank N.A., 2014 WL 4063050, at *3–4 (N.D. Cal. Aug. 15, 2014) (granting judicial notice of the same documents); Hite v. Wachovia Mortgage, No. 2:09–cv–02884–GEB, 2010 U.S. Dist. LEXIS 57732, at *7 (E.D. Cal. June 10, 2010)(same). The Court will also take judicial notice of the deed of trust, notice of default, and notice of trustee's sale, (Doc. 6-1, Exh. A, G–H), pertaining to the conveyance and threatened foreclosure on the property because they are publicly recorded documents the authenticity of which is not at issue. See Rosell, 2014 WL 4063050 at *4.

/ / /
/ / /
/ / /

## B. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 1. Injunction and Permanent Injunction

The Complaint seeks an injunction and permanent injunction and rests on the argument that Wells Fargo is not a "party in interest" and has not produced a note proving its beneficiary status, and therefore lacks standing to foreclose on Plaintiff's property. However, based on the judicially noted documents, it is clear that Wells Fargo is the beneficiary of the mortgage note between Plaintiff and his original lender, WSB. As a result of several corporate mergers and name changes, Wells Fargo and WSB are "one and the same." Hague v. Wells Fargo Bank, N.A., 2011 WL 3360026, at *4 (N.D. Cal. Aug. 2, 2011). Thus, Wells Fargo assumed standing to foreclose on the mortgage and Deeds of Trust and became the party in interest. See Rosell, 2014 WL 4063050, at *4.

Furthermore, California Civil Code § 2924(a) does not require that Wells Fargo prove its beneficiary status by producing the mortgage note or the assignment of the deed of trust. The argument that a party must produce a note has been rejected by district courts within the Ninth Circuit. See e.g., Alvara v. Aurora Loan Servs., Inc., 2009 WL 1689640, at *6 (N.D. Cal. June 16, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust."); Putkkuri v. Recontrust Co., 2009 WL 32567, at *2 (S.D. Cal. Jan 5, 2009). Finally, injunctive relief is not a cause of action but an equitable remedy. See Chan Tang v. Bank of America, N.A., 2012 WL 960373, at *15 (C.D. Cal. Mar. 19, 2012); Marlin v. Aimco Venezia, LLC, 154 Cal.App.4th 154, 162 (2007). Therefore, Plaintiff's counts for injunction and permanent injunction do not state a claim on which the Court can grant relief.

///
///
///

For the reasons stated above, Wells Fargo's motion to dismiss the claims for injunction and permanent injunction is **GRANTED**.

**2. Unjust Enrichment**

Plaintiff claims that Wells Fargo will be unjustly enriched by a sum of $944,624.62 if the property is foreclosed upon. California courts are divided as to whether unjust enrichment is a proper cause of action. Some courts have held that there is no cause of action for unjust enrichment and that it is only a general principle underlying particular legal theories. See Chan Tang, 2012 WL 960373, at *12 (citing Melchior v. New Line Productions, Inc., 106 Cal. App. 4th 779, 793 (2003)). Other courts allow unjust enrichment claims to proceed where there is "receipt of a benefit and the unjust retention of the benefit at the expense of another." Id. (citing Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008)). In essence, these courts construe unjust enrichment as a quasi-contract claim for restitution. See F.D.I.C. v. Dintino, 167 Cal. App. 4th 333 (2008). However, an action based on a quasi-contract cannot lie where there exists a valid express contract covering the same subject matter. See Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014).

As a party to an express contract, here the mortgage note, Plaintiff can only assert a claim for restitution based on unjust enrichment by "alleg[ing in that cause of action] that the express contract is void or was rescinded." Id. However, the Complaint makes neither assertion. Nor does Plaintiff plead that Wells Fargo's receipt of the alleged benefit was unjust because it was "conferred by mistake, fraud, coercion or request" or some other injustice. See Dinosaur Development, Inc. v. White, 216 Cal. App. 3d 1310, 1316 (1989)). Any benefit that Wells Fargo may receive by way of foreclosure on the property is not

unjustly conferred because it simply compensates the mortgagee for Plaintiff's nonpayment of moneys due on the mortgage note.

Therefore, Wells Fargo's motion to dismiss the claim for unjust enrichment is **GRANTED**.

/ / /

/ / /

/ / /

### 3. Setting Aside or Vacating Sale

In California, one of the elements of an equitable cause of action to set aside a foreclosure sale is that "the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust." <u>In re Mortg. Electronic Registration Systems, Inc.</u>, 754 F.3d 772, 784 (9th Cir. 2014). Plaintiff fails to state facts purporting that the anticipated foreclosure sale is illegal, fraudulent, or willfully oppressive. Additionally, the sale has not yet occurred and there is nothing to set aside or vacate.

For these reasons, Wells Fargo's motion to dismiss the claim to set aside or vacate the sale is **GRANTED**.

/ / /

/ / /

/ / /

### 4. Tender Rule in Foreclosure Matters

Lastly, Wells Fargo argues that all of Plaintiff's equitable claims are deficient because Plaintiff has not alleged an ability to tender the full indebtedness amount.

See In re Mortg. Electronic Registration Systems, Inc., 754 F.3d 772, 784 (9th Cir. 2014). This argument fails because California law excuses mortgagors from the tender requirement where the foreclosure sale has not yet occurred. Id. at 785; Hague v. Wells Fargo N.A., 2011 WL 6055759, at *5 (N.D. Cal. Dec. 6, 2011). In the present case, the record shows that the foreclosure sale has not yet taken place. Although this does not save the Complaint, Plaintiff is not required to tender the full amount of his debt to state a claim for equitable relief.

### III.  CONCLUSION

For the reasons discussed above, Wells Fargo's motion to dismiss is **GRANTED**. Plaintiff's claims for injunction, permanent injunction, unjust enrichment, and to vacate or set aside the sale of the property are **DISMISSED** without prejudice. Plaintiff has leave to file an amended complaint within 15 days of the entry of this Order. Failure to do so will result in the entry of a final judgment dismissing this case.

**IT IS SO ORDERED.**

Dated:  August 24, 2015

_____
Barry Ted Moskowitz, Chief Judge
United States District Court